**Joyce C. GRIGGS, Appellant,**

v.

**J. Horace GRIGGS, Jr., Appellee.**

**No. 7845.**

Court of Civil Appeals of Texas.

Amarillo.

April 15, 1968.

Miller, Sanders, Baker & Miller Amarillo, for appellant; Oth Miller, Amarillo, of counsel.

Lockhart, Lindsey & Neal, Amarillo, for appellee; E. H. Lindsey, Amarillo, of counsel.

NORTHCUTT, Justice.

Joyce C. Griggs, as plaintiff, filed a suit for divorce against J. Horace Griggs, Jr., as defendant, on January 5, 1967. On February 16, 1967, defendant filed a general denial. On May 31, 1967, defendant filed cross action against the plaintiff. On June 9, 1967, the plaintiff filed exceptions and a general denial as to defendant's cross action. On October 10, 1967, defendant filed his amended cross action. No other pleadings were filed and the case was tried by the court without a jury on October 11, 1967. Both of the parties were present and testified. After hearing the evidence introduced, the judge granted the defendant a divorce from the plaintiff and gave all community property to the plaintiff and custody of the children and required defendant to pay for the childrens' support. From that judgment the plaintiff perfected this appeal as to the divorce only. The parties will hereafter be referred to as they were in the trial court.

This appeal is presented upon two assignments of error contending first there was insufficient evidence to show that the plaintiff had been guilty of such cruel treatment toward defendant as to render their living together insupportable, and second the case should be reversed because defendant's admitted adultery was a complete defense to the suit for divorce. The plaintiff requested the judge to state in writing the findings of fact and conclusions of law. The judge filed in writing such findings of fact and conclusions of law as follows:

### "FINDINGS OF FACT

1. That Cross-Plaintiff and Cross-Defendant lived together as husband and wife until on or about the 1st day of August, 1966.

2. That Cross-Plaintiff, J. HORACE GRIGGS, JR., committed adultery prior to the separation between him and Cross-Defendant, JOYCE C. GRIGGS.

3. That Cross-Defendant, JOYCE C. GRIGGS, forgave the acts of adultery of Cross-Plaintiff by taking him back into marital relationship, which forgiveness amounted to condonation on the part of Cross-Defendant, JOYCE C. GRIGGS.

4. Cross-Plaintiff, J. HORACE GRIGGS, JR., was guilty of no act past the date of separation that would either constitute an act of recrimination or nullify the condonement of prior acts.

5. That Cross-Defendant, JOYCE C. GRIGGS, was guilty of excesses, cruel treatment, both physical and mental, and outrages toward Cross-Plaintiff, J. HORACE GRIGGS, JR., of such a nature as to render their living together insupportable.

### CONCLUSIONS OF LAW

1. Cross-Plaintiff was entitled to a divorce in his favor dissolving the marriage between him and Cross-Defendant.

2. Cross-Plaintiff was not barred from securing a divorce because of his acts of adultery, since these acts were condoned prior to separation and not repeated thereafter."

As to the insufficiency of the evidence, both parties contended they could not live together as man and wife. We make no

determination as to the degree that each person contributed to the final termination of their marital relations but will quote a portion of the evidence, if true and believed by the judge, which would be sufficient to constitute extreme cruel treatment within itself as would justify the judgment entered and meets the requirements of Art. 4632, Vernon's Ann.Civ.St. to the effect that a decree of divorce must be based upon full and satisfactory evidence affirming the material facts alleged in the petition. The defendant testified as follows:

"Q. Will you state to the Court—there are several items here, we will take them one at a time—will you state to the Court the grounds or the reasons why you were unable to live together as husband and wife, in respect of the alienation of your friends and family and stockholders, during the period 1965–1966?

A. Well, I have been totally alienated from my paternal family, due to acts of Mrs. Griggs relative to her attitude toward my father and my deceased mother, my brothers—it was a continuing situation. The most glaring instance I can think of would be upon my mother's death in November, 1965 where she expressed her happiness at the death of my mother, and we had quite a time getting the children to go to the funeral. She refused to attend my mother's funeral, and she announced to everyone that she would not attend. As to alienating my stockholders—there were two lady stockholders where some malicious gossip was repeated, so that they withdrew and would no longer support us—just a continual situation."

As to the issue of adultery, there are no pleadings by the plaintiff that defendant was guilty of adultery but defendant was required to testify to the fact he had been guilty of adultery. Our careful review of the statement of facts persuades us that the court's finding No. 3 which relates to the adulterous conduct of the defendant and the forgiveness and condonation thereof by the plaintiff is supported by the evidence.

After carefully considering the entire record in this case, we hold that there was ample evidence of probative force and that the same was full, clear and satisfactory and was sufficient to authorize the trial judge to enter the judgment that was rendered. Lindsey v. Lindsey, Tex.Civ.App., 228 S.W.2d 878; Turner v. Turner, Tex. Civ.App., 289 S.W.2d 836; Larson v. Larson, Tex.Civ.App., 292 S.W.2d 685 and Mc-Afee v. McAfee, Tex.Civ.App., 369 S.W.2d 669. Judgment of the trial court is affirmed.