**RAILROAD COMMISSION OF TEXAS
et al., Petitioners,**

**v.**

**James F. MILLER et al., Respondents.**

No. B–981.

Supreme Court of Texas.

Dec. 4, 1968.

Crawford C. Martin, Atty. Gen., Linward Shivers and Rex White, Asst. Attys. Gen., Austin, Vinson, Elkins, Weems & Searls, V. R. Davis, Lawrence Jack Moore, Houston, William R. Dotson, Dallas, Fred Young, Austin, for petitioners.

McCulloch, Ray, Trotti & Hemphill, Ross H. Hemphill and Thomas W. Oliver, Dallas, for respondents.

STEAKLEY, Justice.

Respondents, James F. Miller and Burton M. Brown, are the owners of an oil, gas and mineral lease covering four acres of land located in Rains County. Under authority of the Mineral Interest Pooling Act of 1965, Article 6008c,[1] they filed application with the Railroad Commission to have the four-acre tract pooled with an existing 651.58-acre gas unit known as the Texaco-J. J. Wade Well No. 1, located in the Dunbar Field of Rains County. The Commission denied the application "for failure of the applicant to show that the four-acre tract reasonably appears to lie within the productive limits of the reservoir." Respondents appealed the order of denial to the District Court of Rains County, thereby seeking to invoke the following appeal provisions of Section 2(g) of Article 6008c:

"Any person or party at interest aggrieved by an order of the Commission *effecting pooling* under this Act may appeal such order within 30 days to the District Court of the county in which the land or any part thereof covered by such order is located, and not elsewhere, notwithstanding the provisions of Section 8 of Article 6049c, Vernon's Civil Statutes of Texas." (Italics supplied.)

The plea to the jurisdiction of the District Court of Rains County filed by Petitioners, the Railroad Commission and other interested parties, was sustained by the trial court. On appeal the court of civil appeals construed Section 2(g) as authorizing Respondents' appeal to the District Court of Rains County and reversed the judgment of the district court and remanded the cause for trial. 428 S.W.2d 165. We hold that the provisions of Section 2(g) of Article 6008c are inapplicable to the appeal suit of Respondents.

■ Article 6008c, known as the Mineral Interest Pooling Act of 1965, was a special act of the Legislature conferring authority on the Railroad Commission to compel the pooling of mineral interests into proration units for an oil or gas well. The Act authorizes the Commission under certain conditions to establish pooling units and to compel the pooling of separately-owned interests in oil or gas embraced within an existing or proposed proration unit in the common reservoir. The appeal provisions of the Act are explicitly limited to orders of the Commission *effecting* pooling and, as shown by the express terms of Section 2(g), were drafted as an exception to the general and more broadly stated provisions of Section 8 of Article 6049c that limits appeal suits by any interested person *affected by* an order of the Commission to the courts of Travis County.

■ Respondents state their position to be that even though the language of Section 2(g) uses the word "effecting," it was the intention of the Legislature that any party at interest aggrieved by an order of the Commission under the Pooling Act is entitled to appeal the order to the district court of the county in which the land in question is located. But it is obvious that the Legislature consciously and deliberately utilized the term "effecting pooling" in the provisions for appeal. The term appears twice in the Mineral Interest Pooling

1. All references are to Vernon's Annotated Texas Civil Statutes.

Act. The first use is in Section 2(d) that prescribes the requisite terms and conditions of all orders "effecting such pooling." The prescribed terms and conditions would have no application to an order denying pooling. The second use of the term is in Section 2(g), and here, also, the term is to be given its plain meaning of limiting the right of appeal thus authorized to orders of the Commission under which pooling is given effect, compelled, accomplished, effectuated, brought about. See Webster's New International Dictionary, Second Edition, 1961. Conspicuous, also, is the fact that Section 8 of Article 6049c, the general appeal statute, expressly referred to in Section 2(g) of the Pooling Act, is broadly applicable to all persons *affected by* an order of the Commission. Further persuasive of the fact that the Legislature knew what it was doing in using the term "effecting" in Section 2(g), and purposed to do what it did, is the use of the Article 6049c term "affected" and the term "affect" in other contexts in Article 6008c. See Sections 2(e) and 2(h). There is no basis for saying that employment of the term "effecting pooling" in Section 2(g) did not express the true intent of the Legislature, or that the use of the term resulted from inadvertence, or mistake, or artless and unskillful draftsmanship. The situation, then, is as expressed in Texas Highway Commission v. El Paso Bldg. & Const. Trades Council, 149 Tex. 457, 234 S.W.2d 857 (1950):

"Courts must take statutes as they find them. More than that, they should be willing to take them as they find them. They should search out carefully the intendment of a statute, giving full effect to all of its terms. But they must find its intent in its language, and not elsewhere. They are not the law-making body. They are not responsible for omissions in legislation. They are responsible for a true and fair interpretation of the written law. It must be an interpretation which expresses only the will of the makers of the law, not forced nor strained, but simply such as the words of the law in their plain sense fairly sanction and will clearly sustain." Simmons v. Arnim, 110 Tex. 309, 220 S.W. 66, 70.

We restated these governing principles in City of Port Arthur v. Tillman, 398 S.W. 2d 750 (Tex.Sup.1965):

"In the case of Brazos River Authority v. City of Graham, 163 Tex. 167, 354 S.W.2d 99 (1961), we wrote the following: * * * 'This brings to mind the maxim that "If Parliament does not mean what it says, it must say so." * * * We may not invade the legislative field. There is nothing ambiguous or uncertain about the literal meaning of the Act * * *.'"

■ We note Respondents' further argument that as so construed Section 2(g) carries the unlikely result of authorizing separate appeals to the district courts of separate counties in event an order of the Commission authorizes pooling of less acreage than sought, as if, for example here, the Commission had authorized the pooling of only two acres of the four-acre tract. But such an order would not be divisible into two parts for appeal purposes and hence would be governed by Section 2(g) since pooling would be effected as to the two acres.

Respondents finally contend that Section 2(g) has the constitutional infirmity of denying equal protection of the laws. They assert a denial of equal rights of appeal to all parties concerned in the fact that persons whose pooling application is denied are governed by the general appeal provisions of Section 8 of Article 6049c, and hence must bring their appeal suit in Travis County; whereas, persons aggrieved by an order authorizing pooling may bring their appeal suit in the county in which the land is located. Respondents seek to equate this result with statutes that have been held violative of the constitutional guarantee of equal protection of the laws in affording a right of appeal to some litigants, but not providing a right of appeal, or for equal

advantages on appeal, to other litigants similarly situated. Respondents rely particularly upon the cases of Funkhouser v. Randolph, 287 Ill. 94, 122 N.E. 144 (1919), and Du Pont v. Family Court for New Castle County, 2 Storey 72, 52 Del. 72, 153 A.2d 189 (1959).

The statute condemned in *Funkhouser* gave conclusive effect on appeal to findings of the county court in granting the establishment of a water district, but failed to provide that the findings of the court denying the establishment of a district would be similarly conclusive on appeal. The court condemned what was described as a unilateral restriction of a right of appeal. In Du Pont v. Family Court for New Castle County, supra, a statute was held invalid that authorized an appeal by the wife or minor children in a suit for support of the children, and for separate maintenance, but did not authorize an appeal by the husband and father. Such was the case in other decisions cited by Respondents from other jurisdictions. The statutes under review in these decisions did not authorize or provide for an equal right of appeal to persons similarly situated. Not so here. All persons aggrieved by an order authorizing pooling, in whole or in part, and hence affecting existing property rights to such extent, are afforded the equal statutory right of appeal to the county in which the lands are located. On the other hand, persons aggrieved by an order denying pooling, as here, which leaves property rights unaffected, are afforded an equal right of appeal under the general appeal statute. In neither instance is there a denial of a right of appeal, or a failure to authorize the exercise of a statutory right of appeal, to persons in comparable circumstances. In the first instance, i. e., the ordering of pooling, additional regulatory restrictions have been imposed upon the use of the pre-existing oil and gas interests, and to this extent the compulsion of the statute has invaded the realm of private contract. It was the legislative purpose that persons whose private interests have thus been affected should have the opportunity of judicial review in the county in which the lands are located. The classification is a reasonable one and well within the constitutional power of the Legislature. A state may classify its citizens into reasonable classes and apply different laws, or its laws differently, to the classes without violating the equal protection clause of the Fourteenth Amendment. Bjorgo v. Bjorgo, 402 S.W.2d 143 (Tex.Sup.1966). The test is whether there is any basis for the classification which could have seemed reasonable to the Legislature. San Antonio Retail Grocers, Inc., v. Lafferty, 156 Tex. 574, 297 S.W.2d 813 (1957). A classification is reasonable if it is based on a real and substantial difference having relationship to the subject of the particular enactment and operates equally on all within the same class. State v. Richards, 157 Tex. 166, 301 S.W.2d 597 (1957).

The judgment of the court of civil appeals is reversed and that of the trial court is affirmed.

WALKER, J., not sitting.