

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
ATTORNEY GENERAL

March 11, 1977

The Honorable Lyndon Olson
Chairman
Higher Education Committee
House of Representatives
State Capitol
Austin, Texas   78701

Opinion No. H- 953

Re:  Whether article 4501b,
V.T.C.S., prohibits Texas
medical schools from
requiring students who
have attended foreign
medical schools to
pass an examination
prior to admission.

Dear Chairman Olson:

The Higher Education Committee authorized its prior
chairman, Representative Fred Head, to ask our opinion on a
question involving the admission to Texas medical schools of
persons who have attended foreign medical schools.  Specifically,
he informs us that

> [p]roblems have been encountered by Texas
> residents who are students of foreign medical
> schools in their attempt to return to Texas
> to take one year of supervised clinical
> training in a medical school in this State
> in accordance with the provisions of Article
> 4501b, Sections 1 through 5.  Primarily,
> the problem seems to be one of interpretation
> in that the Deans of the Texas Medical Schools
> are requiring students transferring from
> foreign medical schools to take Part I of
> the National Board Examination prior to
> acceptance for study in a Texas Medical School.

Representative Head also indicated that it was his intent
and anticipation and that of other legislators who played a
major role in the enactment of article 4501b that any
examination requirement would be after a year of clinical
training and not prior to admission.

Accordingly, the Committee asks if, in light of article 4501b, Texas medical schools can require entering students who have completed didactic work at foreign medical schools to make a satisfactory score on an examination as a prerequisite to admission to the Texas school.

Article 4501b, provides in relevant part:

Section 1.  Notwithstanding any other provision of law, an individual who has been a student of a foreign medical school is eligible for licensure to practice medicine in this state if he has satisfied the following requirements:

(1) has studied medicine in a medical school located outside the United States which is listed by the World Health Organization;
(2) has completed all of the didactic work of the foreign medical school;
(3) has attained a score satisfactory to a medical school in the United States approved by the Liaison Committee on Medical Education on a qualifying examination and has satisfactorily completed one academic year of supervised clinical training for foreign medical students as defined by the American Medical Association Council on Medical Education under the direction of the medical school in the United States;
(4) has attained a passing score on the Educational Council for Foreign Medical Graduates examination, or other examination, if required by the State Board of Medical Examiners; and
(5) has passed the examination required by the State Board of Medical Examiners of all applicants for licensure.

Sec. 2.  Satisfaction of the requirements of Section 1 of this Act shall be in lieu of the completion of any requirements of the foreign medical school beyond completion of the didactic work, and no other requirements shall be a condition of licensure to practice medicine in this state.

In construing a statute, the cardinal rule is to ascertain and effectuate the intent of the Legislature. V.T.C.S. art. 10(6). However, that intent is required to be found in the language of the Act. Railroad Commission of Texas v. Miller, 434 S.W.2d 670 (Tex. 1968).

Here the language of the Act relates to licensure to practice medicine. We are unable to locate any provision of the statute which governs the admission to Texas medical schools. While the Legislature doubtless has authority to legislate on the subject of medical school admission, and may prohibit the employment of certain entrance requirements, we cannot say that it has done so in article 4501b. Thus, the requirement that a student from a foreign medical school pass a particular examination as a prerequisite to admission to a Texas medical school is not currently prohibited by article 4501b.

### S U M M A R Y

Article 4501b, V.T.C.S., relates to licensure for the practice of medicine and does not prohibit a Texas medical school from imposing certain requirements for admission of students who have attended foreign medical schools. Such a prohibition would have to be accomplished by additional legislation.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb