

# The Attorney General of Texas

January 6, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Charles D. Travis
Executive Director
Texas Parks and Wildlife
  Department
4200 Smith School Road
Austin, Texas    78744

Opinion No. MW-421

Re:    Constitutionality    of
section 77.094 of the Parks
and Wildlife Code

Dear Mr. Travis:

Your opinion request seeks a determination of the constitutionality of the exemption of persons holding a valid bait-shrimp dealer's license and "maintaining a fixed place of business immediately adjacent to a nursery area, prior to its designation as such," from the prohibition of shrimping within such a designated bay as provided for in section 77.094 of the Texas Parks and Wildlife Code. Specifically, you ask whether this statute creates a classification which violates the equal protection provisions of either the Texas or United States Constitution.

Section 3 of article I of the Texas Constitution guarantees equality of rights to all persons. However this section does not forbid classifications of subjects and persons for the purpose of regulatory legislation, as long as those classifications meet certain legal requirements. State v. Richards, 301 S.W.2d 597 (Tex. 1957); Railroad Commission of Texas v. Miller, 434 S.W.2d 670 (Tex. 1968).

A state may constitutionally classify its citizens into reasonable classes and apply different laws, or its laws differently, to such classes. Bjorgo v. Bjorgo, 402 S.W.2d 143 (Tex. 1966); Railroad Commission of Texas v. Miller, supra.

A classification is reasonable if it is based on a real and substantial difference which relates to the subject of the particular enactment and operates equally on all within the same class. State v. Richards, supra; Railroad Commission of Texas v. Miller, supra.

Classifications made by the legislature and the imposition of varying burdens upon different groups are largely within the discretion of the legislature. The courts will not strike down such a statute where there is a real difference to justify the separate treatment undertaken by the legislature. Dancetown, U.S.A., Inc. v.

State, 439 S.W.2d 333 (Tex. 1969); Calvert v. American International Television, Inc., 491 S.W.2d 455 (Tex. 1973). The test is whether there is any basis for the classification which could have seemed reasonable to the legislature. Railroad Commission of Texas v. Miller, supra; San Antonio Retail Grocers, Inc. v. Lafferty, 297 S.W.2d 813 (Tex. 1957).

The same type of restrictions on classifications, with certain variations, apply to such legislative action through the Fourteenth Amendment to the United States Constitution. In reviewing legislation under the equal protection clause of the Fourteenth Amendment, the United States Supreme Court has used two primary standards of review. Under the first, minimal scrutiny, a law which classifies persons for different treatment, will be upheld so long as there is some rational basis for the classification; i.e., so long as the classification is reasonable, not arbitrary and rests upon some ground of difference having a fair and substantial relation to the object of the legislation. Reed v. Reed, 404 U.S. 71 (1971). Under the second standard, strict scrutiny, the classification will be upheld only if the governmental body makes a showing of a compelling interest to justify the classification. Dunn v. Blumstein, 405 U.S. 330 (1972). Strict review is triggered either by laws which affect certain "fundamental rights" such as voting or travel, or which provide for different treatment of persons on the basis of a "suspect classification" such as race, alienage and national origin. Unless a classification triggers strict review, the constitutionality of the statutory discrimination is presumed and the only requirement is that the classification challenged be rationally related to legitimate state interest. City of New Orleans v. Dukes, 427 U.S. 297 (1976).

In a case involving the state of Texas' classification and treatment of "commercial" fishermen as contrasted with "sport" fishermen, the Fifth Circuit recently held that since fishing is not a fundamental right nor the class of commercial fishermen a suspect class, the Texas statute is not subject to a strict scrutiny and such disparate treatment need only have a rational basis. Sisk v. Texas Parks and Wildlife Department, No. 80-1177 (5th Cir. May 11, 1981).

In view of the purpose of section 77.094, i.e., to exempt certain bait-shrimp dealers from the general prohibition of shrimping within nursery areas, there would necessarily have to be a rational and reasonable basis for this classification or the statute would be unconstitutional. The determination of the existence or absence of any grounds for exempting a certain group from a general prohibition rests within the sound discretion of the legislature. The decision of the legislature is subject to review by the courts upon allegations that no reasonable basis exists that would support an exemption for certain bait-shrimp dealers from the general prohibition of shrimping within nursery areas. We cannot say as a matter of law that there is

no rational basis for the classification created by section 77.094 of the Parks and Wildlife Code.

## S U M M A R Y

Section 77.094, Texas Parks and Wildlife Code, by creating a "grandfather" exception for commercial bait-shrimp dealers from a prohibition on fishing designated nursery areas, does not on its face contravene the equal protection guarantees of the Texas and United States Constitutions; it does not in fact do so if there exists a reasonable, rational basis for exempting this class of shrimpers.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Ken Cross
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Tim Brown
Ken Cross
Rick Gilpin
Jim Moellinger