

# The Attorney General of Texas

December 13, 1984

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Tim Curry
Criminal District Attorney
Tarrant County Courthouse
Fort Worth, Texas    76102

Opinion No. JM-249

Re: Whether a commissioners cor
or a board of district judges r
limit the services of a cou
domestic relations office
persons having a particular inc

Dear Mr. Curry:

You ask us the following two questions:

> 1. Does the Tarrant County Commissioners Court or the board of district judges of Tarrant County have the authority under article 5142a-1, V.T.C.S., to limit the services of the Tarrant County Domestic Relations Office to those citizens having an income which does not exceed a dollar figure to be determined by the commissioners court?

> 2. In the alternative, may a graduated application fee be implemented which would be based on the income of those persons seeking to utilize the services of the Domestic Relations Office, as is the practice of the Tarrant County Hospital District?

We answer both of your questions in the negative.

Article 5142a-1, V.T.C.S., provides for the establishment b; commissioners court of a Domestic Relations Office administered eit by the juvenile board of a county or multicounty area or otherwise provided by the commissioners court. V.T.C.S. art. 5142a-1, § 2(a). The statute further provides for the continued operation of already existing domestic relations offices. Sections 3 and 4 of act set forth the duties imposed upon, and additional servi provided by, such domestic relations offices. Section 5 perm certain courts to order that court ordered payment for child supp be made to the domestic relations office. Section 6 governs the f and costs which may be charged. Section 6 of article 5142a V.T.C.S., provides the following:

Sec. 6. (a) If a domestic relations office is in existence prior to or is established pursuant to this article, the commissioners court may authorize one or more of the following:

(1) A fee not to exceed $5 on the filing in the county of each suit for the dissolution of a marriage and each suit affecting the parent-child relationship. Such fee shall be paid as other costs in the suit and collected by the clerk of the court.

(2) The assessment of attorney fees and court costs incurred by the domestic relations office in enforcing an order for child support or visitation against the party found to be in violation of the order.

(3) An application fee to be charged to persons seeking services from the domestic relations office.

(4) A monthly charge of up to $1 per month to be paid by each managing and possessory conservator for whom services are provided by the domestic relations office.

(b) Fees authorized under this article shall be sent to the county treasurer or other officer performing the duties of the county treasurer for deposit in a special fund entitled the 'domestic relations office fund.' This fund shall be administered by the domestic relations office and shall be used to provide services by the domestic relations office as provided in this article. County general funds may also be used to provide these services.

We must interpret a statute in a way which expresses

only the will of the makers of the law, not forced nor strained, but simply such as the words of the law in their plain sense fairly sanction and will clearly sustain.

Railroad Commission of Texas v. Miller, 434 S.W.2d 670, 672 (Tex. 1968) (quoting Texas Highway Commission v. El Paso Bldg. & Const. Trades Council, 234 S.W.2d 357 (Tex. 1950)). Indeed in this instance, the statute itself is not ambiguous. See Col-Tex Refining Co. v. Railroad Commission of Texas, 240 S.W.2d 747, 750 (Tex. 1951). No authority is conferred upon a commissioners court to limit the class

of persons receiving services from a domestic relations office to persons whose income does not exceed a dollar figure to be determined by the commissioners court.

Nor do we accept the argument that a commissioners court possesses the inherent power to limit in such fashion the class of persons who may avail themselves of the services offered by a domestic relations office. A county has only those powers which are conferred either expressly or by necessary implication by the constitution and statutes of this state. Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948). Such authority has neither expressly nor by necessary implication been conferred upon commissioners courts. Accordingly, we answer your question in the negative.

In your second question, you ask whether the commissioners court may adopt a graduated application fee schedule based upon the income of those persons seeking the services. You refer us to such a scheme permitted county hospital districts by section 14 of article 4494n, V.T.C.S. For the same reasons discussed in answer to your first question, we answer your second question in the negative. The statute simply does not authorize the implementation of such a graduated fee schedule, and the conferring of such authority cannot be necessarily implied from those powers which are explicitly conferred.

## S U M M A R Y

1. A commissioners court is not authorized by article 5142a-1, V.T.C.S., to limit the class of persons who receive services offered by a Domestic Relations Office to persons whose income does not exceed a dollar figure determined by the commissioners court.

2. A commissioners court is not authorized by article 5142a-1, V.T.C.S., to adopt a graduated fee schedule based on the income of persons seeking to utilize the services of a Domestic Relations Office.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Bruce Youngblood