

# The Attorney General of Texas

August 31, 1984

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin. TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

`01 Texas, Suite 700
Juston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio. TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Erwin W. Barton
Chairman
Human Services Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas   78769

Opinion No. JM-201

Re: Whether the city of Pasadena
is entitled to representation on
the Port of Houston Authority

Dear Representative Barton:

You ask us about the appointment of commissioners to the Port of Houston Authority of Harris County, Texas. Section 61.158(b) of the Water Code provides that

> [t]wo of the commissioners shall be appointed by a majority of the city council of the municipality having a population of 100,000 or more, and two of the commissioners shall be appointed by a majority of the commissioners court.

You inform us that the population of the city of Pasadena in Harris County now exceeds 100,000 and wish to know whether a majority of the city council of Pasadena is thereby entitled to appoint any commissioners to the board. We conclude that it is not.

The present authority was first created in 1909 as the Harris County Ship Channel Navigation District by enabling legislation passed pursuant to article III, section 52 of the Texas Constitution. The legislature enacted, in 1921, Senate Bill No. 93, a general statute that applied to navigation districts that

> have been or may be created for the development of deep water navigation, _having a municipality containing or hereafter containing one hundred thousand population or more as determined by the last preceding census._ . . . (Emphasis added).

Acts 1921, 37th Leg., 2nd C.S., ch. 30, §1, at 53. Article 8235, V.T.C.S., the statute contained in the 1921 enactment providing for the appointment of commissioners, was, in turn, codified as section 61.158 of the Water Code and provides as follows:

> ### Section 61.158.  Appointment of Commissioners
>
> (a)  If the provisions of this subchapter are adopted by a district, the district shall be managed, governed, and controlled by a commission composed of five commissioners, who shall be subject to the supervision and control of the board.
>
> (b)  Two of the commissioners shall be appointed <u>by a majority of the city council of the municipality having a population of 100,000 or more</u>, and two of the commissioners shall be appointed by a majority of the commissioners court.
>
> (c)  The chairman of the commission shall be the fifth member and shall be elected <u>by majority vote of the city council</u> and commissioners court meeting in joint session called by the county judge.  (Emphasis added).

It is suggested that the above underscored language from Senate Bill No. 93 defining the scope of the bill, <u>i.e.</u> districts having a municipality containing or hereafter containing 100,000 population or more, indicates legislative intent that the governing body of <u>any</u> municipality located within such district which reaches a population of 100,000 after the creation of the district is entitled to appoint commissioners.  We disagree for two reasons.

When called upon to interpret a statute, we can offer only an interpretation

> which expresses only the will of the makers of the law, not forced nor strained, but simply such as the words of the law in their plain sense fairly sanction and will clearly sustain.

<u>Railroad Commission of Texas v. Miller</u>, 434 S.W.2d 670, 672 (Tex. 1968) quoting <u>Simmons v. Arnim</u>, 220 S.W. 66, 70 (Tex. 1920).  At all times subsequent to its enactment, an act should be given the same meaning that it had at the time of its enactment.  <u>Manry v. Robison</u>, 56 S.W.2d 438 (Tex. 1932); <u>Townsend v. Terrell</u>, 16 S.W.2d 1063 (Tex. 1929).

Section 61.158(b) of the code provides that

> [t]wo of the commissioners shall be appointed by a majority of the city council of <u>the municipality</u>

> having a population of 100,000 or more. . . .
> (Emphasis added).

The municipality to which section 61.158 refers is <u>the</u> municipality having a population of 100,000 or more set forth in section 61.151 of the code. Section 61.151 of the code provides the following in pertinent part:

> (a) A district created for the development of deep-water navigation which includes <u>a</u> city with a population of more than 100,000, according to the last preceding federal census, may operate and develop ports and waterways inside the district and extending to the Gulf of Mexico. (Emphasis added).

When the district was created the only city therein with a population of 100,000 or more was Houston. Clearly, the only city then entitled to appoint commissioners was and remains Houston.

Moreover, subsection (a) of section 61.158 provides for the appointment of only five commissioners. If the city of Pasadena were permitted to appoint commissioners, the number would clearly increase, an eventuality which the statute does not contemplate. If the legislature had intended that every municipality in such district be authorized to appoint commissioners once that municipality reached a population of 100,000, it would have so provided. The language of Senate Bill No. 93 upon which you rely merely sets forth the brackets of the bill, determining *the scope of the statute to* <u>districts</u> with <u>a</u> municipality containing 100,000 at the time of, or subsequent to, the bill's passage. Accordingly, we conclude that the city of Pasadena is not entitled to appoint commissioners to the district in the manner set forth in section 61.158 (b) of the Water Code.

## S U M M A R Y

> The city council of the city of Pasadena is not entitled to appoint commissioners to the Port of Houston Authority of Harris County.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Jim Moellinger
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton