

# THE ATTORNEY GENERAL
# OF TEXAS

August 26, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Benjamin Euresti, Jr.    Opinion No. JM-775
Cameron County Attorney
974 E. Harrison Street    Re: Whether the assessor-collector
Brownsville, Texas 78520    of the Brownsville Irrigation and
    Drainage District is subject to
    the Property Taxation Professional
    Certification Act, article 7244b,
    V.T.C.S.

Dear Mr. Euresti:

The Brownsville Irrigation and Drainage District [hereinafter the district] imposes a "benefit plan" method of taxation instead of an ad valorem system. Water Code, §58.631 et seq. Under such a scheme, a taxpayer pays, not on the basis of the taxable value of the property that he owns, but on the basis of a flat fee per acre of land receiving services from the district imposing the tax. Article 7244b, V.T.C.S., the Property Taxation Professional Certification Act, [hereinafter the Act], created the Board of Tax Professional Examiners and requires certain specified officers and employees of taxing units to register with the board and proceed toward certification by the board. The board, pursuant to section 17 of the act, has promulgated rules for certification that require an applicant to, inter alia, enroll and pass an examination in certain required courses, as well as pass a final, comprehensive examination. 22 T.A.C. §§623.1 et seq. You ask whether the tax assessor-collector for the district is required by the act to register and proceed toward certification. It has been suggested that, because the district does not impose an ad valorem tax, the district's tax assessor-collector is not required to register. We agree; we conclude that by the very terms of the Tax Code, the district's assessor-collector is required to register only if the district is imposing an ad valorem tax.

Article 7244b, V.T.C.S., was first enacted in 1977 and was intended "to assure the people of Texas that the responsibility of assessing property for taxation is entrusted only to those persons duly registered and competent according to the regulations provided by this Act." V.T.C.S. art. 7244b, §1. Section 11 of the act specifies those persons who are required to register with the board:

> The following persons shall register with the board:   (1) all chief appraisers, appraisal supervisors and assistants, property tax appraisers, appraisal engineers, and other persons with authority to render judgment on, recommend, or certify appraised values to the appraisal review board of an appraisal district;
>
> (2) the tax assessor-collector, tax collector, or other person designated by the governing body of a taxing unit as the chief administrator of the unit's assessment functions, collections functions, or both; and other persons who perform assessment or collections functions for the unit whom the chief administrator of the unit's tax office requires to register; and
>
> (3) all persons engaged in appraisal of real or personal property for ad valorem tax purposes for an appraisal district or a taxing unit. (Emphasis added).

V.T.C.S. art. 7244b, §11.  The act provides at section 2(11):  "'Tax assessor-collector' means the chief administrator of a taxing unit's tax office who is responsible for the assessing functions described in chapter 26, Tax Code, and for collecting functions described in chapter 31, Tax Code." (Emphasis added).  At section 2(12) of the act, the following definition is set forth:  "'Tax collector' means the chief administrator of a taxing unit's tax office who is responsible for collection functions described in chapter 31, Tax Code, but not for assessing functions." (Emphasis added).  The Tax Code at section 1.04 defines "taxing unit" as follows:

> (12) 'Taxing unit' means a county, an incorporated city or town (including a home-rule city), a school district, a special district or authority (including a junior college district, a hospital district, a district created by or pursuant to the Water Code, a mosquito control district, a fire prevention district, or a noxious weed control district), or any other political unit of this state, whether created by or pursuant to the constitution or a local, special, or general law, that is authorized to impose and is imposing ad valorem taxes on property even if the governing body of another political unit determines the tax rate for the unit or otherwise governs it affairs. (Emphasis added).

We are required to construe article 7244b, V.T.C.S., in a way that is in accordance with the plain meaning of the language used. Railroad Commission of Texas v. Miller, 434 S.W.2d 670, 672 (Tex. 1968). Because the definition of "taxing unit" is limited to those political subdivisions that impose an ad valorem tax, the water district about which you inquire is not a "taxing unit" for purposes of the Tax Code. Accordingly, we conclude that the tax assessor-collector of an irrigation and drainage district that imposes taxes, not on an ad valorem basis, but on a "benefit plan" basis, need not register with the Board of Tax Professional Examiners pursuant to article 7244b, V.T.C.S.

## SUMMARY

The tax assessor-collector for an irrigation and drainage district that imposes taxes, not on an ad valorem basis, but on a "benefit plan" basis, need not register with the Board of Tax Professional Examiners, pursuant to article 7244b, V.T.C.S.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General