TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-98-00475-CV







Texas Property and Casualty Insurance Guaranty Association, Appellant



v.



Christopher P. Johnson, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 97-07654, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING








 The Texas Property and Casualty Insurance Guaranty Association (the
"Association") appeals from a summary judgment recovered by Christopher P. Johnson in his suit
against the Association arising out of the undisputed facts set forth below. We will affirm the
judgment.


THE CONTROVERSY


 After sustaining personal injuries in the course and scope of his employment,
Johnson sued his employer's workers-compensation carrier, Rockwood Insurance Company, to
set aside an antecedent award of the Texas Industrial Accident Board and to recover amounts
allegedly owed him under the applicable workers-compensation statutes. Following a trial before
a jury, the district court rendered judgment on the verdict for Johnson in the principal amount of
$63,346.33, together with an order that Rockwood pay Johnson's past and future medical
expenses. The judgment became final for purposes of appeal on June 28, 1991. It is presently
a subsisting judgment. It has never been satisfied; it has never been attacked directly by appeal
or bill of review. It is not contended that the judgment was obtained by consent, agreement,
compromise, settlement, collusion, fraud, mistake, wrongful act, or accident.

 A little over three months after the judgment became final for purposes of appeal,
the Commissioner of Insurance (in October 1991) designated Rockwood an "impaired insurer." 
This designation activated the Association's authority and duties under article 21.28-C of the
Insurance Code, titled the Texas Property and Casualty Insurance Guaranty Act. See Tex. Ins.
Code Ann. art. 21.28-C (West Supp. 1999) (the "Act"). Respecting claims against impaired
insurers, the Act directs that the Association "pay covered claims that exist before the designation
of impairment," an obligation that "is satisfied by paying to the claimant the full amount of a
covered claim for benefits" owed by the impaired insurer. Act § 8(a).

 A receivership proceeding was initiated against Rockwood in a Travis County
district court. Johnson filed in the proceeding a claim based on his judgment; the receivership
proceeding was closed without payment of his claim and he sued the Association in the present
cause to recover thereon. The parties stipulated that Johnson's claim was a "covered claim"
within the meaning of the Act. Cf. Lopez v. Texas Property & Casualty Ins. Guar. Ass'n, 990
S.W.2d 504 (Tex. App.--Austin 1999, no pet.). (1)

 Johnson moved for summary judgment on the undisputed facts outlined above. 
While the Association's response to the motion is not included in our appellate record (although
the Association requested its inclusion), it is evident from the record as a whole and the parties'
briefs that their dispute derives entirely from their contrary views on the question of statutory
construction discussed below.

 The trial court sustained Johnson's motion for summary judgment and the
Association appeals now on a single issue:  "The trial court erred in granting [Johnson's] motion
for summary judgment because Texas Insurance Code, Article 21.28-C, section 8(d), specifically
authorizes [the Association] to review and contest all pre-receivership judgments." (emphasis
added).


DISCUSSION AND HOLDINGS


 The disputed statute provides as follows:


The association shall investigate and adjust, compromise, settle, and pay covered
claims to the extent of the association's obligation and deny all other claims. The
association may review settlements, releases, and judgments to which the impaired
insurer or its insureds were parties to determine the extent to which those
settlements, releases, and judgments may be properly contested. Any judgment
taken by default or consent against an insured or the impaired insurer, and any
settlement, release, or judgment entered into by the insured or the impaired
insurer, is not binding on the association . . .



Act § 8(d).

 In contending that the statute authorizes the Association to review and contest all
pre-receivership judgments, the Association means that the statute empowers the Association to
contest, if it believes proper, the issues of fact or law that are ordinarily adjudicated and
concluded by a final judgment. For example, the Association contends it may now contest the
underlying issues of fact and law involved in Johnson's original workers-compensation claim
against Rockwood, even though that claim was tried and reduced to judgment before Rockwood
was designated an impaired insurer and before its property and affairs came within the control of
the receivership court. The Association contends its interpretation of section 8(d) is supported
by the statutory language and that any other interpretation would deprive section 8(d) of any force
and effect; moreover, the claimed statutory authority is necessary, in the Association's opinion,
because "insurers may have stopped fully defending claims prior to" their being designated
impaired. We believe the language of section 8(d) will not reasonably bear such an interpretation.

 The first sentence of section 8(d) deals with unliquidated claims against an impaired
insurer, and directs that the Association investigate, adjust, compromise, settle, and pay covered
claims to the extent of the Association's obligations under the Act, and to "deny all other claims." 
In light of the succeeding sentences of section 8(d), it appears that the statutory directive to "deny
all other claims" refers to all other unliquidated claims against the impaired insurer. The first
sentence of section 8(d) is not directly applicable in the present case, of course, because Johnson's
claim is a liquidated claim in the form of a final judgment, a matter dealt with in the next two
sentences of section 8(d).

 The second sentence of section 8(d) refers to claims that have culminated in
"settlements, releases, and judgments," and empowers the Association to review such claims "to
determine the extent to which [they] may be properly contested." We need discuss only the word
"judgments," found in this sentence, since the words "settlements" and "releases" are not in issue
here.

 The sole textual basis for the Association's theory is that the word "judgments,"
found in the second sentence, is not there qualified expressly. One may not, however, assign
meaning to the word "judgments" in isolation from the remaining parts of the statute dealing with
the same matter. The very next, or third, sentence of section 8(d) declares that certain types of
judgments "are not binding on the association," namely judgments "taken by default or consent
against" an impaired insurer, and any "judgments entered into" by an impaired insurer. (2) We
construe the last named to mean "judgments entered into" by the impaired insurer's agreement
or its confession of judgment; we can imagine no other hypotheses under which a litigant can be
said to enter into a judgment.

 Based on the legislature's express purposes (3) underlying the Act and the text of
section 8(d), we believe the Association's authority to review and contest pre-receivership
judgments extends to the following:  (1) because the legislature has declared that default, consent,
and agreed judgments are not binding on the Association, it may review and contest such
judgments even though they antedate a designation of impairment and a receivership proceeding;
and (2) respecting any other pre-receivership judgment against an impaired insurer, the
Association may review such judgments and contest them as a party might do on legal or equitable
grounds in a motion for new trial, an appeal, a bill of review or other suit in equity to set aside
or enjoin the enforcement of a subsisting judgment based on extrinsic fraud, accident, wrongful
act of an opponent, or mistake. (4)

 To say, however, that the Association is not bound by any pre-receivership
judgment whatever is not warranted by the statutory language employed in section 8(d). That
section does not declare that all judgments are without binding effect as to the Association. The
statute declares instead that only selected types of pre-receivership judgments--those resulting from
default, consent, and agreement--are not binding on the Association; and it is only by force of the
legislative declaration that these selected types of judgments "may be properly contested" outside
the legal and equitable actions that are available generally to attack any subsisting judgment. If
no pre-receivership judgments whatever are binding on the Association, because the word
"judgments" is not qualified in the second sentence of section 8(d), then there would be no reason
for the legislature to declare, in the next sentence, that judgments resulting from default, consent,
and agreement are not binding on the Association.

 The Association's contrary interpretation (1) denies any legal effect whatever to the
third sentence of section 8(d), (2) renders that sentence superfluous, (3) negates entirely the
legislature's clearly expressed intention to restrict its declarations of non-binding effect to
judgments resulting from default, consent, and agreement, and (4) defeats by so much the
legislative intention. (5)

 We hold accordingly and affirm the trial-court judgment.



 
 

 John E. Powers, Justice

Before Justices Jones, Yeakel and Powers*

Affirmed

Filed: September 23, 1999

Publish













* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. In Lopez, the Association did not assail the legal effect of the judgment against the impaired
insurer. Rather, the Association reviewed that judgment only to compare the identity of the
judgment defendant (Domingo Garcia, Jr.) to the identity of the policy insured (Domingo Garcia,
Sr.). Because the former was not an insured, it was undisputed that the claim was not a covered
claim. The claimants contended, however, that the Association was estopped from raising that
defense. See Lopez, 990 S.W.2d at 505.
2. A default judgment, defined broadly, is one rendered on the pleadings without the taking
of evidence; more specifically, it is one taken on a defendant's failure to file an answer by the
time the docket is called on appearance day. See Stoner v. Thompson, 578 S.W.2d 679, 683 (Tex.
1979); Tex. R. Civ. P. 239; 5 McDonald Texas Civil Practice § 27.51 at 106 (1992). An agreed
judgment results from the parties' agreement of settlement and compromise and their consent to
rendition of a judgment on agreed terms. Id. § 27.50 at 101-02. The terms "consent judgment"
and "agreed judgment" are essentially synonymous, but the latter term also includes confessions
of judgment governed by the rules of procedure. See Tex. R. Civ. P. 314; Id. §§ 27.49, .50 at
100-06.
3. The purposes of the Act are to:


(1) provide a mechanism for the payment of covered claims under certain insurance
policies and to avoid excessive delay in payment; (2) avoid financial loss to
claimants or policyholders because of the impairment of an insurer; (3) assist in the
detection and prevention of insurer insolvencies; and (4) provide an association to
assess the cost of that protection among insurers.


Act § 2 (West Supp. 1999).
4. A bill-of-review proceeding evidently may be founded on any recognized equitable basis for
setting aside a previous judgment. See, e.g., Caldwell v. Barnes, 975 S.W.2d 535, 537 (Tex.
1998) (extrinsic "fraud, accident or wrongful act" of an opponent). Judgments resulting from
mistake are subject to being set aside or restrained in their enforcement, in equity, on the same
grounds as judgments resulting from accident. See 3 Pomeroy's Equity Jurisprudence § 836 at
276, § 871 at 392-95 (5th ed. 1941). Under the doctrine that some degree of finality must attach
to judgments, relief in equity is not easily obtained and the applicant must overcome various
procedural and substantive impediments to prevail. See Montgomery v. Kennedy, 669 S.W.2d
309, 312 (Tex. 1984); Alexander v. Hagedorn, 226 S.W.2d 996, 998 (Tex. 1950).
5. The applicable rules of statutory construction are familiar: We must give statutory language
a true and fair interpretation, and a meaning that is not forced, exaggerated, or strained; the
statutory words must fairly and clearly sustain the meaning assigned. See Railroad Comm'n v.
Miller, 434 S.W.2d 670, 672 (Tex. 1968). We must give effect, if reasonably possible, to every
part of a statute; and we may not adopt a construction that will render any part of the statute
inoperative, superfluous, or without legal effect. See Ex parte Pruitt, 551 S.W.2d 706, 709 (Tex.
1977); Perkins v. State, 367 S.W.2d 140, 146 (Tex. 1963); 2A Sutherland Statutory Construction
§ 46.06 at 119-20 (5th ed. 1993). Should there occur any repugnance between statutory
provisions, the matter must be adjusted so that each provision has a meaning that will permit both
to stand in harmony. See Commissioners Court v. Criminal District Attorney, 690 S.W.2d 932,
936 (Tex. App.--Austin 1985, writ ref'd n.r.e.). The rules of statutory construction aim, of
course, at giving effect to the legislative intention.



N STYLE="font-family: CG Times Regular">Publish













* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. In Lopez, the Association did not assail the legal effect of the judgment against the impaired
insurer. Rather, the Association reviewed that judgment only to compare the identity of the
judgment defendant (Domingo Garcia, Jr.) to the identity of the policy insured (Domingo Garcia,
Sr.). Because the former was not an insured, it was undisputed that the claim was not a covered
claim. The claimants contended, however, that the Association was estopped from raising that
defense. See Lopez, 990 S.W