ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

April 20, 2009

The Honorable Patrick M. Rose
Chair, Committee on Human Services
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0710

Re: Authority of a water company to paint fire
hydrants black under certain circumstances
(RQ-0750-GA)

Dear Representative Rose:

You request an opinion about Health and Safety Code section 341.0357, which regulates nonfunctioning or otherwise unavailable fire hydrants.[1] You ask whether under the statute "in order to paint a device black . . .,[a water] utility [must] first determine the flow of that individual device to be less than 250 gallons per minute[.]"[2] You also ask whether the statute "allow[s] a water utility to paint all devices within a system black even when the flow from certain devices within that system exceeds 250 gallons per minute[.]" Request Letter at 1.

Your questions require us to construe section 341.0357. In construing a statute, the objective is to determine and give effect to the Legislature's intent, which is determined first by looking at the language of the statute. *Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex. 2008). If the statutory language is unambiguous, its plain meaning prevails. *Id.* Section 341.0357(a) provides in relevant part:

> The owner of any device having the appearance of a fire hydrant that is located in a place that an entity responsible for providing fire suppression services in a fire emergency would expect a fire hydrant to typically be located *shall paint the device black if the device is nonfunctioning or otherwise unavailable for use* by the entity providing fire suppression services in a fire emergency.

TEX. HEALTH & SAFETY CODE ANN. § 341.0357(a) (Vernon Supp. 2008). Instead of painting a device black, an owner may place a black tarp over a device that is temporarily nonfunctioning or

---

[1]There are two provisions codified as section 341.0357 in the Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 341.0357 (Vernon Supp. 2008). At issue here is section 341.0357 enacted by Act of May 17, 2007, 80th Leg., R.S., ch. 684, § 1, 2007 Tex. Gen. Laws 1264, 1264.

[2]Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

temporarily otherwise unavailable for use. *Id.* A device is nonfunctioning, "if the device pumps less than 250 gallons of water per minute." *Id.* § 341.0357(b).[3]

First, by its terms, section 341.0357 requires an owner to paint black "any device having the appearance of a fire hydrant" *either* if the device is nonfunctioning *or* "otherwise unavailable for use" by a fire suppression service provider, unless either condition is temporary. *Id.* § 341.0357(a); *see also* TEX. GOV'T CODE ANN. § 311.016(2) (Vernon 2005) ("'Shall' imposes a duty."); *Bd. of Ins. Comm'rs of Tex. v. Guardian Life Ins. Co. of Tex.*, 180 S.W.2d 906, 908 (Tex. 1944) (describing "and" as conjunctive and "or" as disjunctive). Thus, the statute requires painting a device black in two instances.

Second, while section 341.0357 deems a device "nonfunctioning" if the device pumps less than 250 gallons per minute, the phrase "otherwise unavailable for use" is not defined. *See* TEX. HEALTH & SAFETY CODE ANN. § 341.0357 (Vernon Supp. 2008). Based on the plain language and established principles of statutory construction, the phrase "otherwise unavailable for use," as used in the statute, means something different from or in addition to "nonfunctioning," i.e., a device pumping less than 250 gallons per minute. *See id.*; *see also State v. Shumake*, 199 S.W.3d 279, 287 (Tex. 2006) (stating that when construing a statute, courts give "effect to all its words and, if possible, do not treat any statutory language as mere surplusage"). Moreover, on its face, the phrase "otherwise unavailable for use" is very broad, and the statute does not set out any legal or factual criteria for making a determination that a device is otherwise unavailable for use.[4] *See* TEX. HEALTH & SAFETY CODE ANN. § 341.0357 (Vernon Supp. 2008).

Thus, based on the plain meaning of section 341.0357, unless the condition is temporary an owner *must* paint black a device pumping less than 250 gallons per minute *or* a device "otherwise unavailable for use" by an "entity providing fire suppression services in a fire emergency" for reasons other than that it pumps less than 250 gallons per minute. *Id.* § 341.0357(a). Furthermore, the term "otherwise unavailable for use" is expansive, and the statute does not specify the factors that

---

[3]Several bills have been introduced to amend section 341.0357. *See, e.g.*, Tex. H.B. 1587, 81st Leg., R.S. (2009) (amending section 341.0357(a) to permit rather than require an owner to paint black a nonfunctioning "or otherwise unavailable" device); Tex. H.B. 1913, 81st Leg., R.S. (2009) and Tex. S.B. 1258, 81st Leg., R.S. (2009) (defining "hydrant" and "otherwise unavailable for use"; limiting a public water system's liability; and making other changes).

[4]While the statute's legislative history indicates the purpose of the statute, it does not suggest any precise or particular meaning of "otherwise unavailable for use." Section 341.0357 was enacted by House Bill 1717. *See* Act of May 17, 2007, 80th Leg., R.S., ch. 684, § 1, 2007 Tex. Gen. Laws 1264, 1264. The legislation was intended to address safety concerns posed by the existence of devices resembling fire hydrants that are not usable for fire suppression because they do not deliver flow like fire hydrants or by fire hydrants that are inoperable or nonfunctioning. SENATE RESEARCH CTR., BILL ANALYSIS, H.B. 1717, 80th Leg., R.S. (2007) at 1; HOUSE RESEARCH ORG., BILL ANALYSIS, H.B. 1717, 80th Leg., R.S. (2007) at 1–2. "Such safety concerns may be avoided if those hydrants are identified as nonserviceable." SENATE RESEARCH CTR., BILL ANALYSIS, H.B. 1717, 80th Leg., R.S. (2007) at 1. Additionally, "[m]aking clear which hydrants were inoperable would help fire departments plan responses to emergencies and would establish a statewide standard for designating nonfunctioning hydrants." HOUSE RESEARCH ORG., BILL ANALYSIS, H.B. 1717, 80th Leg., R.S. (2007) at 2.

must be considered when making a determination as to a device's unavailability for use, other than to specify that the unavailability be to an entity providing fire suppression services under the circumstances of a fire emergency. Accordingly, we conclude that an owner is not required to first determine that the device's flow is less than 250 gallons per minute in order to paint a device black under the statute, if the owner determines that the device is otherwise unavailable for use for fire suppression purposes. Additionally, if an owner determines that all devices within a system are otherwise unavailable for use for fire suppression purposes, the owner is required to paint all the devices black under the statute even when the flow from certain of those devices exceeds 250 gallons per minute.[5]

We recognize that a construction that permits painting all devices within a system black may appear counterproductive. But, like a court, this office cannot disregard the plain language of the statute or insert words into the statute to provide otherwise. *See, e.g., R.R. Comm'n of Tex. v. Miller*, 434 S.W.2d 670, 672 (Tex. 1968) (stating that because courts are not the law-making body, they are not responsible for omissions in legislation but only for interpreting the statute as written). It is the Legislature's province to amend the statute as it deems necessary or desirable.

---

[5]We note that section 341.0357 *requires* painting a device black if it meets the statutory criteria—pumping less than 250 gallons per minute or otherwise unavailable for use. *See* TEX. HEALTH & SAFETY CODE ANN. § 341.0357(a) (Vernon Supp. 2008); *see also* TEX. GOV'T CODE ANN. § 311.016(2) (Vernon 2005) ("'Shall' imposes a duty."). Arguably, the statute by its terms does not prohibit an owner from painting a device not meeting the statutory criteria black for other reasons. However, we need not make that determination to answer your questions given the breadth of the term "otherwise unavailable for use."

## S U M M A R Y

Under Health & Safety Code section 341.0357, an owner is not required to first determine that the flow of a device having the appearance of a fire hydrant is less than 250 gallons per minute in order to paint the device black, if the owner determines that the device is otherwise unavailable for use by an entity providing fire suppression services in a fire emergency. Additionally, if the owner determines that all devices within a system are otherwise unavailable for use for fire suppression services other than on a temporary basis, an owner is required to paint all the devices black under section 341.0357 even when the flow from certain of those devices exceeds 250 gallons per minute.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee