**FIREMEN'S AND POLICEMEN'S CIVIL SERVICE COMMISSION OF the CITY OF LUBBOCK et al., Appellants,**

v.

**James H. TAYLOR et al., Appellees.**

**No. 5493.**

Court of Civil Appeals of Texas, Eastland.

Oct. 23, 1980.

Rehearing Denied Nov. 20, 1980.

Donald M. Hunt, Key, Carr, Evans & Fouts, Lubbock, for appellants.

Jack O. Nelson, Jr., Vickers, Purdom & Nelson, Lubbock, for appellees.

McCLOUD, Chief Justice.

At issue is the construction of the word "seniority" as contained in Tex.Rev.Civ. Stat.Ann. art. 1269m, § 14(B) (1963).

Police officers, James H. Taylor and Ralph R. Bowen, Jr., along with several other officers, on October 19, 1978, took a promotional examination for the classified position of police corporal. The final grade was reached by adding the grade earned on a written examination to points received for efficiency and seniority. Taylor was first and Bowen was fifth on the initial certified eligibility list. On this initial list Taylor was given 7.532 seniority points which were based on two periods of employment: from May 1, 1968 to October 25, 1974, and from October 3, 1977 to October 19, 1978. Bowen was given 3.625 seniority points for two periods of employment: from January 2, 1972 to August 2, 1974, and from October 3, 1977 to October 19, 1978.

Five of the officers who took the examination filed an appeal with the Firemen's and Policemen's Civil Service Commission of the City of Lubbock, contending that seniority points should be given for only the last continuous period of service, and not for all prior noncontinuous service. The Commission ruled that seniority credit on promotional examinations be limited to seniority from "the last date of employment." As a result of the Commission's order, Taylor's position on the eligibility list was lowered from first to tenth, and Bowen's position was lowered from fifth to sixth.

Taylor and Bowen filed the instant suit against defendants, Firemen's and Policemen's Civil Service Commission of the City of Lubbock, composed of Jorge Moreno, Max Addison, and Joe Minkley, The City of Lubbock, Larry J. Cunningham, as manager of the City of Lubbock, and J. T. Alley, as Chief of Police of the City of Lubbock, seeking to set aside the decision of the Commission. The trial court restored Taylor to the first position, and Bowen to the fifth position, on the promotional eligibility list. The court found that plaintiffs, Taylor and Bowen, were entitled to one point, but not to exceed ten points, for each year of service in the police department, regardless of whether such service was interrupted or uninterrupted service. Defendants appeal. We reverse and render.

On October 19, 1978, the promotional examination date, Tex.Rev.Civ.Stat.Ann. art. 1269m (1963) provided in part:

Sec. 14. The Commission shall make rules and regulations governing promotions and shall hold promotional examinations to provide eligibility lists for each classification in the Police and Fire Departments, which examinations shall be held substantially under the following requirements:

A. All promotional examinations shall be open to all policemen and firemen who have ever held a continuous position for two (2) years or more in the classification immediately below in salary of that classification for which the examination is to be held. In fire and police departments that have adopted a classification plan that classifies positions on the basis of similarity in duties and responsibilities, all promotional examinations shall be open to a fireman or policeman who has ever

held a continuous position for two (2) years or more at the next lower pay–grade, if it exists, in the classification for which the promotional examination is being offered. When there is not a sufficient number of members in the next lower position with two (2) years service in that position to provide an adequate number of persons to take the examination, the Commission may extend the examination to the members in the second lower position in salary to that for which the examination is to be held.

B. Each applicant shall be given one (1) point for each year of *seniority* in his Department, but never to exceed ten (10) points. (emphasis added)

Prior to August 29, 1977, Section 14(A) provided:

A. All promotional examinations shall be open to all policemen and firemen who have held a continuous position for two (2) years or more in the classification immediately below in salary of that classification for which the examination is to be held; except where there is not a sufficient number of members in the next lower position with two (2) years service in that position to provide an adequate number of persons to take the examination, the Commission may extend the examination to the members in the second lower position in salary to that for which the examination is to be held.

Effective September 1, 1979, Section 14(A)(1) provides:

A. (1) All promotional examinations shall be open to all policemen who have held a continuous position for two (2) years or more immediately prior to the examination in the classification immediately below in salary of that classification for which the examination is to be held. In police departments that have adopted a classification plan that classifies positions on the basis of similarity in duties and responsibilities, all promotional examinations shall be open to a policeman who has held a continuous position for two (2) years or more immediately prior

to the examination at the next lower paygrade, if it exists, in the classification for which the promotional examination is being offered. When there is not a sufficient number of members in the next lower position with two (2) years service in that position to provide an adequate number of persons to take the examination, the Commission may extend the examination to the members in the second lower position in salary to that for which the examination is to be held.

The controlling question is whether the word "seniority" as used in Section 14(B), supra, means continuous service, or whether interrupted prior service is included within the term. Section 14(B) became effective on October 5, 1949.

The word "seniority" is defined in Webster's Third New International Dictionary (1966) at page 2066 as:

(a) status attained by length of continuous service (as in a company, institution, or organization or in a department, job, rank, or occupational group) to which are attached by custom or prior collective agreement various rights or privileges (as preference in tenure, priority in promotion, and choice of work or shift) on the basis of ranking relative to others....

Officers, Taylor and Bowen, point out that "seniority" is defined in Webster's Second New International Dictionary (1951) at page 2278 as: "The status secured by length of service for a company, to which certain rights, as promotion attach." The word "continuous" is not included in the 1951 edition's definition. We do not believe the dictionary definitions are dispositive.

We have found no case directly in point. The court in *In the Matter of Fidek*, 369 A.2d 974 (1977) stated that, "Seniority, obviously, refers to the length of continuous, unbroken service." The facts, however, are clearly distinguishable. *Crockett v. Andrews*, 153 W.Va. 714, 172 S.E.2d 384 (1970), urged by plaintiffs, is not in point. There the court was not concerned with the construction of the word seniority. The court simply held that a rule which provided that each competitor shall receive, "5 points for

each full year of service he has had with the department," was not ambiguous, and did not require interpretation.

■ The guiding rule of statutory construction is to ascertain legislative intent, which requires courts to examine the entire statute, and not merely an isolated portion. *State v. Terrell*, 588 S.W.2d 784 (Tex.1979). On the date of the promotional examination, the grade placed on the eligibility list was computed by adding the applicant's seniority and efficiency points to his grade on the written examination. The efficiency report was prepared by the applicant's immediate superior, and the written examination tested the applicant's "information and facts."

Section 16a of Article 1269m provides in part:

Sec. 16a. It is hereby declared that the purpose of the Firemen and Policemen's Civil Service Law is to secure to the cities affected thereby *efficient* Police and Fire Departments, composed of *capable* personnel, free from political influence, and with *permanent* tenure of employment as public servants. (emphasis added)

■ We think it is apparent that a city should receive a more productive performance from its police officers if the officers maintain continuous, uninterrupted service. Section 16a expressly states that permanent tenure of employment is sought. By rewarding policemen with seniority points for continuous service, permanent tenure is promoted. Awarding seniority points for prior, noncontinuous service does not promote permanent tenure. We hold that the legislative intent, as revealed by the stated legislative purpose, requires the construction that the word "seniority" as used in Section 14(B) means only the last continuous period of service.

We disagree with plaintiffs' argument that we should construe seniority to merely mean experience. We think it is clear that the Legislature intended the term "seniority" to mean something different from experience or service. Otherwise, one of those terms would have been used.

Plaintiffs argue that the 1977 change in Section 14(A), which was in effect at the time of the examination, and which provided that the examination shall be open to all policemen, "who *have ever held* a continuous position for (2) years or more in the classification immediately below", shows a legislative intent that seniority points be given for prior noncontinuous service. We disagree. Section 14(A) deals with eligibility to take the examination, not with points for seniority.

We disagree with defendants that they are entitled to attorney's fees and costs in the event of reversal. Section 18 of Article 1269m permits the court to award attorney's fees to the prevailing party, but the section is clearly not mandatory.

The judgment of the trial court is reversed, and judgment is rendered for defendants.