James H. TAYLOR et al., Petitioners,

v.

FIREMEN'S AND POLICEMEN'S CIVIL SERVICE COMMISSION OF the CITY OF LUBBOCK et al., Respondents.

No. C–47.

Supreme Court of Texas.

May 20, 1981.

Nelson & Nelson, Jack O. Nelson, Jr., Lubbock, for petitioners.

Key, Carr, Evans & Fouts, Donald M. Hunt, Lubbock, for respondents.

**188**

DENTON, Justice.

This case involves construction of the term "seniority" as used in the Firemen's and Policemen's Civil Service Law, Article 1269m, § 14(B).[1] Plaintiffs, two police officers, contested an order of the Lubbock Firemen's and Policemen's Civil Service Commission regarding scores on a promotional examination. The trial court rendered judgment for the officers. The court of civil appeals reversed and rendered. 607 S.W.2d 631. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

James H. Taylor and Ralph R. Bowen, Jr., held the classified position of "police officer" in the City of Lubbock at the time they took a promotional examination on October 19, 1978 for the position of "police corporal." Bowen was employed as a Lubbock police officer from January 2, 1972 until August 2, 1974. In 1974, he requested an educational leave of absence which was denied by the department. He subsequently terminated his employment in order to obtain a masters degree in police science administration. Bowen obtained his degree, then tried to return to the Lubbock Police Department but there were no openings. After holding several private security jobs, he was rehired by the police department on October 3, 1977. Taylor was employed ini-

tially for five and one-half years from May 1, 1968 until October 25, 1974 when he terminated his employment to serve as a criminal investigator for the Texas Department of Public Welfare. He was reemployed by the Lubbock Police Department on October 3, 1977.

Taylor and Bowen were reemployed as "probationary police officers," the lowest rank or classified position in the department. They attended "rookie" school for one week, as opposed to fourteen weeks for new officers having no prior experience. The Lubbock Police Department had a "step pay" program by which officers with less than two years service were classified "Step A" for pay purposes and officers with more than two years service were classified "Step B," a higher pay category. Upon reemployment, both Taylor and Bowen were classified "Step B" because of their prior service. At the time the officers applied to take the promotional exam, eligibility depended on the applicant having at least two years service in the rank or classification immediately below.[2] Article 1269m, § 14(A), (D)(5). Eligibility was determined, in part, by their prior service, because on the date of the exam, both had been reemployed for only one year.

The final grades on the exam were based on three factors: (1) score on the written

1. All statutory references are to Texas Revised Civil Statutes unless otherwise noted.

2. As amended in 1977, and effective when Taylor and Bowen applied to take the exam, section 14 provided:

A. All promotional examinations shall be open to all policemen and firemen who have ever held a continuous position for two (2) years or more in the classification for which the examination is to be held.

D. (5) No person shall be eligible for promotion unless he has served in such department for at least two (2) years at any time prior to the day of such promotional examination in the next lower position or other positions specified by the Commission.

Prior to amendment in 1977, these subsections provided:

A. All promotional examinations shall be open to all policemen and firemen who have held a continuous position for two (2) years or more in the classification immediately be-

low in salary of that classification for which the examination is to be held;

D. (5) No person shall be eligible for promotion unless he has served in such department for at least two (2) years *immediately preceding* the day of such promotional examination in the next lower position or other positions specified by the Commission . . . ."

These subsections were amended again in 1979 and currently provide:

A. (1) All promotional examinations shall be open to all policemen who have held a continuous position for two (2) years or more *immediately prior* to the examination and classification for which the examination is to be held.

D. (5) No policeman shall be eligible for promotion unless the policeman has served in the department for at least two (2) years *immediately preceding* the date of the promotional examination in the next lower position or other position specified by the Commission.

exam, (2) departmental efficiency rating, and (3) statutory seniority points. One point is given for each year of seniority, up to a maximum of ten points. When the grades were compiled, Taylor and Bowen received seniority points for all years of prior service. Taylor ranked first and Bowen fifth on the promotion list. The list was revised, eliminating any seniority points for prior, non-continuous service. As a result, Taylor fell from first to tenth and Bowen from fifth to sixth.

The officers sued the Firemen's and Policemen's Civil Service Commission of the City of Lubbock to set aside the decision to revise the promotion list. The trial court restored Taylor and Bowen to their original positions, finding the officers were entitled to seniority points for each year of prior service, whether interrupted or uninterrupted. The court of civil appeals reversed and rendered holding "seniority," as used in section 14B of Article 1269m, means the last continuous period of service.

Calculation of seniority points is governed by the Firemen's and Policemen's Civil Service Law. Section 14(B) of Article 1269m provides that "[e]ach applicant [for promotion] shall be given one (1) point for each year of seniority in his department, but never to exceed ten (10) points." Article 1269m does not define seniority and there are no Texas decisions construing the term in this context.

When construing a statute, the courts must read words according to their ordinary meaning unless a contrary intention is apparent from the context. *E. g.*, *Satterfield v. Satterfield*, 448 S.W.2d 456, 459 (Tex.1969); *Texas & P. Ry. Co. v. Railroad Comm'n*, 105 Tex. 386, 150 S.W. 878, 880 (1912); *Board of Ins. Commissioners v. Duncan*, 174 S.W.2d 326, 328 (Tex.Civ.App. —Amarillo 1943, writ ref'd). In the absence of a specific amendment, a statute should be given the meaning which it had

when enacted. *Manry v. Robinson*, 122 Tex. 213, 56 S.W.2d 438, 447 (1932). Section 14(B) of Article 1269m was enacted in 1947. Webster's Second International Dictionary, the latest edition in print in 1947, defined seniority as "status secured by length of service . . . ."

The term "seniority" has been construed by the Supreme Court of West Virginia. *Crockett v. Andrews*, 153 W.Va. 714, 172 S.W.2d 384 (1979). A Charleston, West Virginia police officer with fourteen years experience voluntarily terminated his employment. Some months later he applied for reemployment. The officer was reinstated and four years later took a promotional examination. The exam scores were based in part upon the applicant's seniority.[3] The police civil service commission credited the officer with four years of seniority, rather than eighteen. The West Virginia Supreme Court held the commission could not read into the statute limiting words such as "consecutive," "continuous," or "uninterrupted" creating ambiguity in an otherwise unambiguous statute. *Id.* at 386. The court concluded that seniority meant all prior service, not just the most recent continuous service. *Id.* at 387. Although the language of the West Virginia rule and the Texas Act differ, in that West Virginia refers to seniority as "full years[s] of service," the same reasoning applied by the West Virginia Supreme Court can be applied to Article 1269m. In a Texas case involving seniority rights of trainmen, the court of civil appeals defined seniority in terms of length of time of employment. *Fine v. Pratt*, 150 S.W.2d 308, 311 (Tex.Civ. App.—El Paso 1941, no writ). The court does not mention the words "continuous" or "uninterrupted" employment. It should be noted, however, that *Fine v. Pratt* did not deal with calculation of seniority.

For every purpose except calculation of seniority points in scoring the promotional examination, the Commission credited offi-

---

**3.** Rule III, Section 3(e) of the Rules and Regulations of the Police Civil Service Commission of the City of Charleston provides:

"Seniority. The possible 100 points for this part shall be computed by awarding to each competitor 5 points for each full year of service he has had with the department, up to 20 years."

cers Taylor and Bowen with all prior service. In determining pay category, eligibility to take the promotional exam, and length of time required to be spent at rookie school, the officers were credited with all years of service, not just the last continuous period of service.

■ It is also a rule of statutory construction that one must look to the entire Act in determining the legislature's intent with respect to a specific provision. *State v. Terrell*, 588 S.W.2d 784, 786 (Tex.1979). Section 16a of the Article 1269m states the purpose of the Act is to secure to the cities efficient police departments composed of capable personnel with permanent tenure of service. An officer's prior experience with the police department contributes significantly to his efficiency and capability. The Lubbock Police Department explicitly recognizes this insofar as pay and retraining, are concerned. To allow seniority points for all prior service is consistent with the stated purpose of the Firemen's and Policemen's Civil Service Law.

■ We hold that the term "seniority" as used in Article 1269m means years of service, whether interrupted or uninterrupted, and not merely the last continuous period of service.

The Commission raised other points by conditional application. These points have been considered and are overruled.

The judgment of the court of civil appeals is reversed and that of the trial court is affirmed.