George TRENHOLM, Jr., Appellant,

v.

B. J. TIDWELL INDUSTRIES, INC., Appellee.

No. 11–81–060–CV.

Court of Appeals of Texas, Eastland.

March 4, 1982.

John M. Gillis, Dallas, for appellant.

Clayton E. Devin, Ray, Anderson, Shields, Trotti & Hemphill, Dallas, for appellee.

McCLOUD, Chief Justice.

The question is whether or not moneys received by an officer of a building contractor from the "sale" of real property constitute "Trust Funds" under Tex.Rev.Civ.Stat. Ann. art. 5472e (Vernon Supp.1981).

Plaintiff, B. J. Tidwell Industries, Inc., a cabinet maker, sold merchandise to Oxford Building Systems, Inc., a builder. The items sold were used in five houses built by Oxford. Four of the houses were sold by Oxford to individual purchasers, and title to one was transferred to the mortgagee by foreclosure. Tidwell sued Oxford on a sworn account, and sought damages against George Trenholm, Jr., an officer and director of Oxford, urging that Trenholm was a trustee of the moneys received from the sales. The trial court entered a summary judgment against Oxford and Trenholm for the value of the sold merchandise. Only Trenholm appeals. We reverse and remand.

Tex.Rev.Civ.Stat.Ann. art. 5472e (Vernon Supp.1981) provides in part:

Section 1. All moneys or funds paid to a contractor or subcontractor or any officer, director or agent thereof, *under a construction contract for the improvement of specific real property* in this state, *and all funds borrowed by a contractor*, subcontractor, owner, or any officer, director or agent thereof, *for the purpose of improving such real property which are secured in whole or in part by a lien on the specific property to be improved* are hereby declared to be Trust Funds for the benefit of the artisans, laborers, mechanics, contractors, subcontractors or materialmen who may labor or furnish labor or material for the construction or repair of any house, building or improvement whatever upon such real property; provided, however, that moneys paid to a contractor or subcontractor or borrowed by a contractor, subcontractor, or owner may be used to pay reasonable overhead of said contractor, subcontractor, or owner, directly related to such construction contract. The contractor, subcontractor, owner, or any officer, director or agent thereof, receiving such payments or funds, or having control or direction of same, is hereby made and constituted a Trustee of such funds so received or under his control or direction. (Emphasis added)

This statute affords protection to materialmen without any requirement for filing or notice. *Stone Fort National Bank v. Elliott Electric Supply Company, Inc.*, 548 S.W.2d 441 (Tex.Civ.App.—Tyler 1977, writ ref'd n. r. e.). We think, however, it is clear that moneys received from the "sale" of properties do not constitute a trust fund under the statute. The article provides that moneys paid "under a construction contract" or "funds borrowed ... for the purpose of improving" certain real property, shall constitute "Trust Funds."

Plaintiff, by its petition and motion for summary judgment, sought to hold Trenholm personally liable, as a trustee, for moneys received from the "sale" of the

properties. The statute does not cover proceeds received from the sale of specific real property. As this court stated in *Kemp v. Fidelity & Casualty Company of New York*, 504 S.W.2d 633 (Tex.Civ.App.—Eastland 1973, writ ref'd n. r. e.), per curiam 512 S.W.2d 688 (1974):

When interpreting legislative intent, we are bound by the clear language of the statute. *Railroad Commission of Texas v. Miller*, 434 S.W.2d 670 (Tex.Sup. 1968). As stated in *Simmons v. Arnim*, 110 Tex. 309, 220 S.W. 66 (1920):

Courts must take statutes as they find them. More than that they should be willing to take them as they find them. They should search out carefully the intendment of a statute, giving full effect to all of its terms. But they must find its intent in its language and not elsewhere. They are not the law-making body. They are not responsible for omissions in legislation. They are responsible for a true and fair interpretation of the written law. It must be an interpretation which expresses only the will of the makers of the law, not forced nor strained, but simply such as the words of the law in their plain sense fairly sanction and will clearly sustain.

The judgment of the trial court in favor of plaintiff against George Trenholm, Jr., individually, is reversed and the cause is remanded.