

# The Attorney General of Texas

August 31, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Henry Wade
Criminal District Attorney
601 Elm Street
Dallas, Texas    75202

Opinion No. MW- 509

Re:  Longevity pay for deputy
sheriffs

Dear Mr. Wade:

Your question concerns article 3912f-7, V.T.C.S., which provides in pertinent part as follows:

> (a)  The commissioners court of each county in this state with a population of not less than 150,000... shall provide longevity pay for each commissioned deputy of the sheriff's department in accordance with this Act.

> (b)  Each commissioned deputy shall receive, in addition to his regular compensation, longevity pay of not less than $5 per month for each year of service in the department.  Years of service in excess of 25 do not count for the purposes of this subsection.

You inform us that the policy of the Dallas County Commissioners Court is to calculate a deputy sheriff's "longevity pay" on the basis of his latest period of continuous employment in the department.  You ask whether this policy is permissible, or whether article 3912f-7 requires pay to be computed on the basis of the total number of years in which a deputy is employed in the department.

Article 3912f-7 states that "longevity pay" shall be provided "in accordance with this Act."  "[T]his Act" provides that the amount of such pay shall be "not less than $5 per month for each year of service in the department."  (Emphasis added).  This language is quite straightforward.  Applied literally, it would preclude the policy in effect in Dallas County.

You in effect contend, however, that the phrase "for each year of service in the department" should not be construed literally, but should be treated as if it reads as follows:  "for each year of [continuous] service [during the most recent period of employment] in

the department."  Essentially, you argue that:   (1) the purpose of article 3912f-7 is not merely to provide deputies with additional compensation, but is to reward continuous employment and thereby create an incentive for deputies to remain in the same sheriff's department; and (2) the legislature's choice of the word "longevity," which is defined in Webster's New Collegiate Dictionary as "long continuance; esp. seniority," indicates that it had continuous, and not total service in mind when it enacted the statute.  Webster's New Collegiate Dictionary 678 (5th ed. 1977).

For the following reasons, we conclude that there is in this instance no legitimate basis for departing from the literal language of the statute.

As the Texas Supreme Court stated in Sweeny Hospital District v. Carr, 378 S.W.2d 40 (Tex. 1964), courts will rewrite statutes only "when necessary to give effect to legislative intent, provided the intent... is clearly disclosed by the remainder of the statute." (Emphasis added).  See State v. Shoppers World, Inc., 380 S.W.2d 107 (Tex. 1964).  In this instance, we are not persuaded that the legislature's intent in enacting article 3912f-7 must have been to reward only continuous employment.  It could just as plausibly have been to reward deputies for their total experience in a department, whether acquired on a piecemeal basis or not, in order to encourage experienced officers to return to service.  Since the statute does not "clearly disclose" that the legislature's intent was to reward only continuous employment, we decline to add to the statute the words which would be "necessary to give effect to that intent."  Sweeny Hospital District v. Carr, supra.

Your second argument places too much emphasis upon the word "longevity" and not enough upon the other words in the statute.  Even if we assume arguendo that "longevity pay" usually suggests pay based upon uninterrupted seniority or length of continuous service, it does not follow that the term has this meaning in all contexts.  When construing statutes, one must look not just to isolated words, but to the entire act.  Ex parte Pruitt, 551 S.W.2d 706 (Tex. 1977); Ex parte Roloff, 510 S.W.2d 913 (Tex. 1974).  When article 3912f-7 is considered in its entirety, it becomes clear that in the context of this statute the term "longevity" has been defined by the legislature to mean a prescribed amount of money "for each year of service in the department" without modification.

It has been suggested that Attorney General Opinion MW-100 (1979) requires a different result.  However, that opinion merely addressed the question of whether a period of military service which comes between two periods of service with the state is to be counted for longevity purposes under article 6813d, V.T.C.S.  Neither it nor other opinions of this office, see, e.g., Attorney General Opinions M-250

(1968); M-886 (1971), even touch upon the question of whether two interrupted periods of employment are to be combined for longevity purposes under either article 6813d or article 3912f-7.

You also ask whether article 3912k, V.T.C.S., which provides that county commissioners shall fix the amount of compensation for deputies paid wholly from county fund, controls over article 3912f-7. Article 3912k was adopted at the Sixty-second Legislative Session, while article 3912f-7 was adopted at the Sixty-third Legislative Session. Since article 3912f-7 is the more recent and more specific statute, it controls article 3912k where the two conflict.

In summary, we conclude that article 3912f-7, V.T.C.S., requires that deputy sheriffs be given "not less than $5 per month for each year of service in the department," whether or not such service is continuous. See Taylor v. Firemen's and Policemen's Civil Service Commission, 616 S.W.2d 187 (Tex. 1981).

## S U M M A R Y

Article 3912f-7, V.T.C.S., requires that deputy sheriffs be given "not less than $5 per month for each year of service in the department," whether or not such service is continuous.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Bruce Youngblood