**HELDENFELS BROTHERS, INC., Appellant,**

v.

**FIRST NATIONAL BANK OF HALLETTSVILLE, Appellee.**

No. 13–82–134–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 1, 1983.

Rehearing Denied Sept. 15, 1983.

884

William R. Anderson, Jr., Sorrell, Anderson & Sorrell, Corpus Christi, for appellant.

Marcus F. Schwartz, Schwartz & Schwartz, Hallettsville, for appellee.

Before BISSETT, UTTER and GONZALEZ, JJ.

## OPINION

UTTER, Justice.

Appellant appeals from an Order granting appellee's Motion for Summary Judgment. The issue before us is whether as a matter of law Section 4 of Tex.Rev.Civ. Stat.Ann. art. 5472e (Vernon Supp.1982) exempts appellee from the other provisions of that article. We hold that appellee is exempted, and we therefore affirm the judgment of the trial court.

Briefly stated the facts. are as follows: appellant Heldenfels Brothers, Inc., alleged: that it delivered a quantity of hot asphalt mix to the Shiner Road Company; that the hot mix asphalt was used to improve the property of Service Supply of Victoria, Inc.; that Service Supply duly paid Shiner Road Company for the job and a portion of the money was deposited in Appellee's bank and credited to indebtedness owed the bank by Shiner Road Company; that appellee violated Article 5472e by allowing the money to be so applied; and that no one had yet paid appellant for the hot mix asphalt that it delivered.

Appellant claims that the monies received by Shiner Road Company from Service Supply were trust funds and should have been held in trust for the payment of the material received from appellant. Article 5472e, V.A.T.C.S., Sec. 1, provides:

"All moneys or funds paid to a contractor or subcontractor or any officer, director or agent thereof, under a construction contract for the improvement of specific real property in this state, and all funds borrowed by a contractor, subcontractor, owner, or any officer, director or agent thereof, for the purpose of improving such real property which are secured in whole or in part by a lien on the specific property to be improved are hereby declared to be Trust Funds for the benefit of the artisans, laborers, mechanics, contractors, subcontractors or materialmen who may labor or furnish labor or material for the construction or repair of any house, building or improvement whatever upon such real property; . . .

However, Section 4 of Article 5472e states as follows:

"This Act shall have no application to any bank, savings and loan association or other lender or to any title company or other closing agent in connection with any transaction to which this Act is applicable. Further, moneys or funds received under a construction contract are exempt from the provisions of this Act if the full

contract amount is covered by a corporate surety payment bond."

Appellant cites *Panhandle Bank & Trust Company v. Graybar Electric Company, Inc.,* 492 S.W.2d 76 (Tex.Civ.App.—Amarillo 1973, writ ref'd n.r.e.) as showing that the rights of the bank may be pre-empted by the right of the materialman.

The only mention of Section 4 of Article 5472e occurred when Panhandle Bank filed a supplemental brief after the submission of the case claiming "that funds received under a construction contract are exempt from the provisions of the Act if the full contract amount is covered by a corporate surety payment bond." The court noted that no corporate surety bond was presented in evidence and that the contract between the contractor and subcontractor did not expressly require the furnishing of a *corporate* surety bond; because the record did not establish satisfactory proof by the bank of its assertion of the exemption, the Bank's contention was overruled. Such facts are not controlling on this appeal.

In refusing the application for writ of error in *Jensen v. First City National Bank,* 623 S.W.2d 924 (Tex.1981). The Supreme Court, in its per curiam opinion stated:

"The Court of Civil Appeals ... [held] that Section 4 of [5472e] exempted the bank from liability even if it participated in trust fund misappropriation....

Because Jensen failed to prove any participation by the respondent bank in any misappropriation of trust funds, we refuse the application for writ of error.... We reserve the question of the scope of the section 4 exemption of banks and lending institutions in article 5472e addressed by the Court below."

Although it has not ruled on this specific question, we read this language to show that the Supreme Court was not questioning the *applicability* of Section 4 to banks, but rather that it was refusing to *extend* that application to a situation where a bank sought to avoid liability "even if it participated in trust fund misappropriation."

Appellee argues that it is obvious from the language of Section 4 that the Legislature intended to exempt banks from the provisions of Article 5472e, and notes that in *Jensen v. First City National Bank,* 616 S.W.2d 452 (Tex.Civ.App.—Houston [14th Dist.] 1981 writ ref'd n.r.e.) the Court stated that:

"We have found no case which gives a meaning to section 4 which would allow liability to be found on the part of the bank under article 5472e."

In the case of *Trenholm v. Tidwell Industries, Inc.,* 631 S.W.2d 545 (Tex.App.—Eastland, 1982 no writ) the Court, in determining that money received from the "sale" of properties did not constitute a trust fund under article 5472e, stated that: "When interpreting legislative intent, we are bound by the clear language of the statute. *Railroad Commission of Texas v. Miller,* 434 S.W.2d 670 (Tex.Sup.1968)." The guiding rule for statutory interpretation by the courts has been clearly set forth in *Simmons v. Arnim,* 110 Tex. 309, 220 S.W. 66 (1920):

'Courts must take statutes as they find them. More than that they should be willing to take them as they find them. They should search out carefully the intendment of a statute, giving full effect to all of its terms. But they must find its intent in its language and not elsewhere. They are not the law-making body. They are not responsible for omissions in legislation. They are responsible for a true and fair interpretation of the written law.

See also *Taylor v. Fireman's and Policemen's Civil Service Commission of the City of Lubbock,* 616 S.W.2d 187 (Tex.1981); *Satterfield v. Satterfield,* 448 S.W.2d 456 (Tex.1969).

We hold that Section 4 of Article 5472e exempts banks from the other provisions of Article 5472e of Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1982). We therefore overrule appellant's points of error and find that appellee has sustained its burden of showing that, as a matter of law, appellant had no cause of action against it and that, consequently, there was no genuine issue of material fact as to one or more of the

essential element of appellant's cause of action. *Citizens First National Bank of Tyler v. Cinco Exploration Company*, 540 S.W.2d 292 (Tex.1976).

The judgment of the trial court is AFFIRMED.