

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

July 21, 1993

David R. Smith, M.D.
Commissioner of Health
Texas Department of Health
1100 West 49th Street
Austin, Texas 78756-3199

Opinion No. DM-239

Re: Whether students are "employees" for the purposes of the Texas Hazard Communication Act of the Health and Safety Code sections 502.001 - .016, which require employers to furnish "employees" with education, training, and information regarding hazardous chemicals at their work places (RQ-382)

Dear Commissioner Smith:

The Texas Department of Health ("TDH") requested the attorney general's opinion concerning whether students at colleges and universities are deemed "employees" for the purposes of the Texas Hazard Communication Act, Texas Health and Safety Code sections 502.001 - .016, which require "employers" to furnish "employees" with education, training, and information concerning hazardous chemicals at their workplaces. We conclude that students are not "employees" for the purposes of the act.

The Texas Hazard Communication Act requires that a hazardous chemical manufacturer or distributor must properly label such chemicals and furnish the purchaser with material safety data sheets which contain information concerning the hazards posed by the particular chemical and how to safely handle the chemical. Health & Safety Code §§ 502.006 - .007. The act states that employers that utilize hazardous chemicals must, *inter alia*: display in their workplaces lists of hazardous chemicals used at the workplace and make this information available for review by employees; coordinate an emergency response program with the local fire department; conduct an employee education program; and provide employees with access to the material safety data sheets concerning the hazardous chemicals used at the workplace. *Id.* §§ 502.005, 502.006(c), 502.008, 502.010, 502.013(b).

Statutes should be construed pursuant to their common and accepted meaning. *See* Gov't Code § 311.011(a); *Cail v. Service Motors, Inc.*, 660 S.W.2d 814, 815 (Tex. 1983); *Taylor v. Firemen's & Policemen's Civil Service Comm'n of Lubbock*, 616 S.W.2d 187, 189 (Tex. 1981); *Satterfield v. Satterfield*, 448 S.W.2d 456, 459 (Tex. 1969). Throughout the sixteen sections of the act, the act refers to "employees" and "employers"; there is no indication from the plain language of the act that "employees" was meant to refer to students. The act defines "employee" as "a person who may be or may have been exposed to hazardous chemicals in the person's workplace under normal operating

conditions." Health & Safety Code § 502.003(9). TDH contends that "employee" is intended to mean anyone exposed to hazardous chemicals at their workplace. However, we believe that the act's definition of "employee" was intended as a gloss on or an addition to the commonly accepted definition of the term, rather than an attempt to supplant the commonly accepted definition. It is implicit in the legislature's use of the term "employee" that the legislature meant to refer to someone engaged in an employment relationship, for example, one who works for wages or a salary, as opposed to a "student" who is one who is enrolled for study at an institution of learning for which he does not receive wages or a salary. *See* WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 408, 1170 (1990) (defining "employee" and "student" respectively); BLACK'S LAW DICTIONARY 525 (6th ed. 1990) (defining "employee"). If the legislature intended the act to apply to "anyone" or "any person," as TDH suggests, the legislature would have said so in the act.

Moreover, the act distinguishes between "employees" and "students." Section 502.004(e)(5) of the act, which excludes certain experimental laboratories from the act's coverage, states:

This chapter does not apply to . . . :

a chemical in a laboratory under the direct supervision or guidance of a technically qualified individual if:

(A) labels on incoming containers of chemicals are not removed or defaced;

(B) material safety data sheets received are maintained and made accessible to employees and *students*;

(C) the laboratory complies with Section 502.008 and 502.009; and

(D) the laboratory is not used primarily to produce hazardous chemicals in bulk for commercial purposes. [Emphasis added.]

The legislature's use of the terms "employees" and "students" in the same act suggests that the legislature did not consider the terms synonymous; if the terms were synonymous there would be no point to using separate terms. The term "students" is not defined by the act, and we assume that the legislature intended this term to be construed according to its common and accepted meaning.

Furthermore, there is no indication in the act's legislative history that the use of the term "employees" was meant to refer to students. *See generally* House Comm. on Public Health and Senate Comm. on Public Health and Hum. Res., Bill Analyses, H.B. 1112, 69th Leg., (1985). The plain language of the act, as well as the lack of a contrary indication in the legislative history, compels us to conclude that students are not

"employees" for the purposes of the act. Therefore the act is not applicable to students in their capacity as students, except for the requirements of section 502.004(e)(5)(B) which requires that material safety data sheets must be maintained by the laboratory and made accessible to students.

Our conclusion that the act does not apply to students *qua* students does not imply that a student who is employed by a university or other school, such as in a work-study program, is not protected by the act. The act may apply to such an individual at his workplace during periods of employment provided the act's other requirements are met. *See* Health & Safety Code § 502.004. However such an individual would be protected pursuant to the act because of his status as an employee, not because of his status as a registered student.

TDH states that in its view the act was intended to apply to students, and TDH contends that its interpretation of the act is entitled to deference. Generally, an administrative agency's interpretation of an act that it has been charged with enforcing is entitled to great weight. *See* Gov't Code § 311.023(6). However, this rule does not apply where the administrative interpretation is contrary to the letter of the act, there is no support for the administrative interpretation in the legislative history, and the administrative interpretation is not reasonable. *See Texas Ass'n of Long Distance Tel. Cos. v. Public Util. Comm'n*, 798 S.W.2d 875, 884 (Tex. App.--Austin 1990, writ denied) (collecting cases).

## S U M M A R Y

Students are not "employees" for the purposes of the Texas Hazard Communication Act, Texas Health and Safety Code sections 502.001 - .016. Therefore, the act is not applicable to students in their capacity as students, except for the requirements of section 502.004(e)(5)(B) which requires that material safety data sheets must be maintained by the laboratory and made accessible to students.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee